IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GUY ALMA REAM,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER FINDING DEFENDANT COMPETENT TO STAND TRIAL AND EXCLUDING TIME<br><br>Case No. 2:10-CR-688 TS |

This matter came before the Court for a competency hearing on March 2, 2011. At the close of the hearing, the Court found Mr. Ream competent and excluded time. This order memorializes that ruling.

## I. BACKGROUND

Defendant's arraignment was September 1, 2010. Later on the same day, the government filed a Motion for a Competency Evaluation. At a detention hearing on September 2, 2010, the Court considered the Motion and Defendant moved to terminate representation by his counsel. On September 15, 2010, the court entered its order from the September 2, 2010 hearing and denied, for the time being, the government's Motion

1

for a Competency Evaluation in favor of having him evaluated locally for purposes of determining his risk of flight and risk to the community. Defendant was detained at that time and a local evaluation was prepared for detention-related issues.

At a hearing on September 28, 2010, the Court granted Defendant's request for additional time to respond to the government's Motion for a Competency Evaluation and excluded time until after the issue was briefed and could be heard on October 21, 2010. At the close of the October 21, 2010 hearing, a competency evaluation was ordered by the Magistrate Judge. Defendant immediately appealed to the District Court and a hearing was set. On October 26, 2010, the Court held a hearing and granted the government's Motion for Psychiatric Exam and ordered Defendant to undergo an evaluation to determine mental competency, pursuant to 18 U.S.C. § 4241. A revised order was entered on November 1, 2010.

A psychiatric exam was conducted on Defendant by the Forensic Unit Psychologist at the Federal Detention Center in Seatac, Washington. The resulting report was reviewed by the Chief Psychologist. The Court received the evaluation under cover of a letter from Warden Feather, dated January 19, 2011, and set the matter for hearing at the earliest date that Defendant could be returned to this district.

It is the conclusion of the professionals who evaluated Defendant that although he suffers from several conditions, "from the available information, there is no evidence to indicate the Defendant suffers from a mental disorder that would substantially impair his

present ability to understand the nature and consequences of the court proceedings brought against him, or impair his ability to assist counsel in his defense."[1]

At the hearing, Defendant presented no additional evidence and asserted his competence.

## II. DISCUSSION

18 U.S.C. § 4241(e) provides that, "the court shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine competency." Thus, the Court must hold a hearing and the Defendant must have his opportunity to testify, to present evidence, to subpoena witnesses and to cross-examine any witness—even if he chooses not to do so.[2]

Competency must be established by a preponderance of the evidence.[3] In making its determination, the Court may rely on the expert report and any other evidence in the record, including its own observations of a defendant.[4] The Supreme Court has set forth the standard for determining a defendant's competency to stand trial as whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree

---

[1] Sealed Docket No. 35 at 1 (Warden's letter); see also Report at 13.

[2] 18 U.S.C. § 4247(d).

[3] 18 U.S.C. § 4241(d).

[4] *United States v. Mackovich,* 209 F.3d 1227, 1232 (10th Cir. 2000) (quoting *United States v. Boigegrain*, 155 F.3d 1181, 1189 (10th Cir. 1998)).

of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him."[5]

At the hearing, the Court entered into a colloquy with Defendant. Defendant responded appropriately to questions posed by the Court regarding the nature of the proceedings, the charges against him, and consequences facing him.

### III. CONCLUSIONS

The Court has considered the Report, the Warden's letter, has observed Defendant's demeanor, his ability to understand these proceedings and to understand and respond to questions, as well as the record in this case. Based upon the entire record, the Court finds that Defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and that he has a rational as well as factual understanding of the proceedings against him."[6] The Court finds that he is able to assist in his defense. The record clearly shows that Defendant is presently competent to stand trial at this time.

### IV. EXCLUSION OF TIME

The Court finds that no trial preparations could be conducted by counsel until first the issues of competency and then Defendant's request to terminate counsel were decided. Those issues were raised at the initial appearance and pursued through subsequent briefing and several hearings. As a result of the necessary delay to determine

---

[5] *Dusky v. United States,* 362 U.S. 402 (1960).

[6] *Id.*

4

competency, counsel has been unable to prepare for trial in any respect. Since the competency hearing Defendant has had new counsel appointed on a standby basis but that standby counsel was substituted the next day, March 3, 2011.

The Court finds that the time from the filing of the Motion for Competency Evaluation through the competency hearing was entirely excluded under 18 U.S.C. § 3161(h)(1)(A) as it constituted a "period of delay resulting from any proceeding, including any examination, to determine the mental competency of the defendant."[7] Additionally, the issue of Defendant's request for new counsel is excluded under 18 U.S.C. § 3161(h)(1)(B) as time required to resolve the Defendant's pretrial motion regarding his counsel. Thus, the time has been excluded from the date of the initial appearance, when Defendant made his motion regarding counsel and the government filed its Motion for Competency Evaluation, up through March 3, 2011.

Recognizing the counsel has been entirely unable to prepare for trial due to pending competency matters, the Court additionally excluded time necessary to arrange a new trial date and set a scheduling order. There is a status and scheduling conference set for March 16, 2011. The Court excludes the time from March 3, 2011, up through March 16, 2011, under the ends-of-justice because the failure to exclude such time would deny counsel for Defendant and the government the time necessary for effective preparation taking into account due diligence by counsel for the government and former counsel for Defendant in pursuing the necessary proceedings to determine competency and the issue

---

[7] 18 U.S.C. § 3161(h)(1)(A).

of representation for Defendant. Now that Defendant has standby counsel, there needs to be a scheduling order in place before Defendant can begin to prepare for trial. The Court finds that the ends-of-justice served by the brief exclusion from March 3, to March 16, 2011, outweighs the interest of the Defendant and the public in a speedy trial.

## V. ORDER

Based on the foregoing, it is

ORDERED that Defendant is competent to stand trial. It is further

ORDERED that all time involved for the competency evaluation, the time required to return Defendant to Utah and hold his hearing is excluded in computing Speedy Trial Act time pursuant to 18 U.S.C. § 3161(h)(1)(A). The time from the date Defendant raised the issue of his counsel until it was resolved by appointment of standby counsel on March 3, 2011, is excluded under 18 U.S.C. § 3161(h)(1)(B). The time from March 3, 2011, through the date of the status and scheduling conference on March 16, 2011, is excluded under 18 U.S.C. § 3161(h)(7).

DATED March 8, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge