CARLIE CHRISTENSEN, United States Attorney (#633)
KARIN M. FOJTIK, Assistant United States Attorney (#7527)
LYNDA KRAUSE, Assistant United States Attorney
185 South State Street, #300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:10 cr 688 |
| Plaintiff, | MEMORANDUM DECISION AND ORDER WAIVING TIME UNDER SPEEDY TRIAL ACT; SETTING MATTER FOR TRIAL; AND SETTING A PRETRIAL CONFERENCE DATE |
| vs. | |
| GUY ALMA REAM, | |
| Defendant. | Hon. Ted Stewart |

_____

The Court held a hearing on this matter on June 13, 2011, based upon that hearing, and the prior proceedings in this matter the Court makes the following findings:

1. The time has been tolled under the Speedy Trial Act, specifically 18 U.S.C. 3161 **between March 16, 2011, and the trial date of September 28-30, 2011** for the following reasons:

(A) The time has been tolled pursuant to 18 U.S.C. 3161(h)(1)(D), due to Mr. Ream's filing of his motion on March 17, 2011, to reconsider his release (Docket # 51), and due to his motions for dismissal of this indictment (Docket # 51, 53, 54).

(B) The Court further finds that the Hon. David Nuffer, United States Magistrate Judge has held numerous hearings, specifically on April 26, 2011 (Docket #61), May 3, 2011, (Docket #65), May 12, 2011 (Docket #68), and most recently on June 9, 2011(Docket #78). All of these hearings have been related to Mr. Ream's outstanding motion related to the status of his detention. (Docket #51). Mr. Ream has continued to object since the filing of his initial motion on March 17, 2011, both in writing, and in court hearings to the various levels of his detention from his incarceration, to his residency at the half-way house, to his residence at a family member's home, and the current requirement that he wear an ankle monitor. This Court notes that to date Mr. Ream's ongoing issues with detention remain pending before Hon. David Nuffer. The Court notes specifically, that a hearing has been set to address this ongoing issue on **June 24, 2011 at 8:30 am.**

C) The Court also finds that the Court's order of May 20, 2011, requiring a neuropsychological examination to further address "signs of soft brain injury" in the defendant, may have impacts on his mental health, and his risk of danger to the community, is an order for an evaluation pursuant to 18 U.S.C. 3161(h)(1)(A), an

2

examination required to determine the mental competency and physical capacity of the defendant. The parties noted that it is anticipated that this evaluation will take approximately 90 days to complete.

(D) The Court finds that though the legal criminal charges are not complex, due to Mr. Ream's pro se status, and the ongoing possible mental health issues, this matter is a complex case requiring additional time to handle. The Court notes that any interest the public has in a speedy trial in this matter is outweighed by this Court's need to have a complete picture of Mr. Ream's mental and physical capacity as discussed in the current order for a neuro-psychological evaluation. Pursuant to 18 U.S.C. 3161(h)(7)(A) the additional time between March 16, 2011 and September 28, 2011 is necessary to insure that this Court has the necessary information to proceed to a fair trial in this matter.

(E) On May 24, 2011, Mr. Ream filed another motion entitled "Motion for Acquittal." (Docket #72). The Court finds that this motion renewed Mr. Ream's still outstanding motion regarding the status of his detention, and raised additional issues. At this time, this Court is not requiring the United States to respond to this motion, and the Court will direct the United States to respond if it becomes necessary to aid the Court.

The Court also notes that the United States and the Hon. David Nuffer continue to address the outstanding detention issue raised by Mr. Ream. The Court finds that the May 24, 2011 motion also tolls any speedy trial time pursuant to 18 U.S.C. 3161(h)(1)(D).

For the above reasons, the time in this matter is tolled between **March 16, 2011 and the trial date of September 28, 2011.**

The Court sets a final pretrial conference for **September 20, 2011 at 2:00 pm.**

SO ORDERED.

Dated this 20th day of June, 2011.

_____
Ted Stewart
United States District Court