IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GUY ALMA REAM,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION FOR PROTECTIVE ORDER<br><br><br>Case No. 2:10-CR-688 TS |

This matter is before the Court on the Government's Motion for Protective Order Regarding Contact with Citizen Witnesses and Victim in Preparation for Trial and During Trial.[1]

In its Motion, the Government moves the Court to require that Defendant use his standby counsel, Mr. Robert Steele, for pretrial communications with victims, citizen witnesses, and postal-employee witnesses. The Government further requests that Mr. Steel conduct cross-examination of these witnesses during trial. Defendant objects to the Government's Motion.

---

[1]Docket No. 92.

1

Under 18 U.S.C. § 3771, this Court is authorized to effectuate reasonable procedures to provide for the right of the victim "to be reasonably protected from the accused" and "treated with fairness and with respect for the victim's dignity and privacy."[2] In addition, 18 U.S.C. §§ 1512 and 1514 provide for the protection of all witnesses, victims, and informants.

In order to protect the rights of the victims and witnesses, while still providing for the right of Defendant to present his case, the Court will require the following procedures. With regards to pretrial communications, the Court orders the Defendant to abide by a three-tier system of communication. First, for pretrial communications Defendant may personally contact all law enforcement witnesses. Second, pretrial communications with citizen witnesses must be made by Mr. Steele, although the Defendant may participate in the communication. Lastly, all pretrial communications with the victims must be made through Mr. Steele.

Moreover, the Court orders that during trial Defendant will be allowed to cross-examine all law enforcement witnesses. Defendant will also be allowed to cross-examine the citizen witnesses and victim witnesses, as long as Defendant abides by the rules and procedures of the Court as provided in the Court's Trial Order. The Court advises the parties that it will strictly enforce the rules provided in its Trial Order and, in the case of Defendant, any violation will result in the requirement that future communications with witnesses be made through Mr. Steele.

It is therefore

---

[2] 18 U.S.C. § 3771(a)(1) & (8).

ORDERED that the Government's Motion for Protective Order Regarding Contact with Citizen Witnesses and Victim in Preparation for Trial and During Trial (Docket No. 92) is GRANTED IN PART and DENIED IN PART.

DATED   September 26, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge