IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GUY ALMA REAM,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL<br><br><br>Case No. 2:10-CR-688 TS |

This matter is before the Court on Defendant's Motion for Judgment of Acquittal under Federal Rule of Criminal Procedure Rule 29. Defendant made his motion orally, outside the presence of the jury, after the close of the Government's case-in-chief. The Court orally denied Defendant's Motion for Judgment of Acquittal. This Order reflects the Court's reasoning in denying the Motion.

I. RULE 29 STANDARD

Federal Rule of Criminal Procedure 29(a) provides:

After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on

1

> its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

When presented with a motion under Rule 29, the Court must determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt.[1]

## II. DISCUSSION

In this case, Defendant is charged with a violation of 18 U.S.C. § 115, threatening a federal official. To prove a violation of § 115, the Government must show (1) the Defendant threatened to assault or murder; (2) an official whose killing would be a crime under 18 U.S.C. § 1114; and (3) the Defendant intended to impede, intimidate, or interfere with such official while the official was engaged in the performance of official duties, or the Defendant intended to retaliate against such official on account of the official's performance of official duties.[2]

The government has presented sufficient evidence as to each of these elements to survive a Motion for a Judgment of Acquittal. There is evidence from which the jury could conclude that Defendant made a threat to assault or murder. At least one witness, testified that she heard the Defendant say he was going to kill the victim. This testimony was further supported by the testimony of the arresting officers, who testified that Defendant stated "I only said she was dead." Moreover, the Government has presented abundant evidence as to the violent nature of the episode in question. Multiple postal employee witnesses testified that the Defendant became

---

[1] *United States v. Vallo*, 238 F.3d 1242, 1247 (10th Cir. 2001).

[2] Stipulated Instruction No. 1; see also 18 U.S.C. § 115.

extremely angry and violent, tearing off his t-shirt and even breaking a fan against the postal counter.  The combination of this evidence is sufficient to support a finding by a rational trier of fact that a reasonable person would be in apprehension of being assaulted or murdered.

Next, the Court directed the jury that, as a matter of law, the United States Postal Service is an agency in a branch of the United States Government.  Further, the postal employee witnesses all testified that the victim was an employee of the United States Postal Service at the time the alleged threats occurred.

Lastly, all of the postal employee witnesses and the citizen witness testified that the Defendant became enraged after the victim failed to find Defendant's correspondence.  The victim also testified that once the Defendant became enraged she retreated behind a wall for protection.  At that point, the victim testified she stopped serving customers and, according to another witness, it was several weeks before the victim felt able to help customers at the window again.  A rational trier of fact could find from this testimony that the Defendant intended to impede, intimidate, or interfere with such official while the official was engaged in the performance of official duties; or the Defendant intended to retaliate against such official on account of the official's performance of official duties.

Based on the above, there is sufficient evidence from which a jury could find Defendant guilty of the offense charged in the indictment.  Defendant's Rule 29 Motion will, therefore, be denied.

## III. CONCLUSION

It is therefore ORDERED that Defendant's Motion for a Judgment of Acquittal is DENIED.

DATED   October 4, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge