IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GUY ALMA REAM,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR PRETRIAL RULING ON VOLUNTARINESS OF STATEMENTS<br><br><br><br>Case No. 2:10-CR-688 TS |

This matter is before the Court on the Government's Motion for Pretrial Ruling on Voluntariness of Statements.[1] In its Motion, the Government seeks a pretrial ruling on the voluntariness of statements made by the Defendant. The Court held a hearing on the Government's Motion on September 29, 2011. The Defendant objected orally to the admission of the statements. The Court orally granted the Government's Motion for Pretrial Ruling on Voluntariness of Statements. This Order reflects the Court's reasoning in granting the Motion.

---

[1]Docket No. 121.

1

## I. BACKGROUND

In conjunction with the Government's Motion, the Court held a hearing to determine the voluntariness of the statements the Government sought to have admitted. During the hearing, the Government presented the testimony of two officers who arrested the Defendant as a result of the incident that is the basis of this action. Officer Brent Olsen and Officer John Fuller both testified that, while they were taking Defendant into custody, Defendant asked them on what charges he was being arrested. The officers testified that they indicated to the Defendant that he was being arrested on charges of making terroristic threats. The Defendant responded with a statement, to the effect of, "I only said she was dead."

The officers also testified that the Defendant's statement was not made in response to a question by any of the officers. Moreover, the officers testified that they had not interrogated the Defendant in any manner, rather they were attempting to put him under arrest—a process which required multiple officers.

## II. STANDARD OF REVIEW

The admissibility of a confession is governed by 18 U.S.C. § 3501. "Confession" is defined as "any confession of guilty of any criminal offense or any self-incriminating statement made or given orally or in writing."[2] Section 3501(a) provides that "[i]n any criminal prosecution brought by the United States . . . a confession . . . shall be admissible in evidence if it is voluntarily given." That section goes on to state that:

---

[2] 18 U.S.C. § 3501(e).

Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.[3]

18 U.S.C. § 3501(b) provides:

The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession. The presence or absence of any of the above-mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession.

Additionally, the Tenth Circuit has stated that "[t]he essence of voluntariness is whether the government obtained the statements by physical or psychological coercion such that the defendant's will was overborne."[4] Courts consider the following factors in a voluntariness inquiry: (1) the age, intelligence, and education of the defendant; (2) the length of any detention; (3) the length and nature of the questioning; (4) whether the defendant was advised of his constitutional rights; and (5) whether the defendant was subjected to physical punishment.[5]

---

[3]*Id.* § 3501(a).

[4]*United States v. Rith*, 164 F.3d 1323, 1333 (10th Cir. 1999).

[5]*United States v. Carrizales-Toledo*, 454 F.3d 1142, 1153 (10th Cir. 2006).

3

III.  DISCUSSION

In determining the voluntariness of Defendant's alleged statements, the Court will consider the factors outlined above.  First, the Court notes that the Defendant is of an age, intelligence, and education to enable him to make a voluntary statement.  Second, it is apparent that the Defendant was not detained for any length of time before he made the statement in question.  Next, the Defendant made his statement spontaneously, not as a response to any type of questioning on the part of law enforcement officers.  As to the fourth factor, Defendant had not been advised of his constitutional rights at the time he is alleged to have made the statements in question.  However, the Court notes that Defendant was in the process of being taken into custody and it was not yet incumbent upon the officers to advise him of those rights.  Lastly, there is no evidence intimating that Defendant was subjected to any type of physical punishment to induce him to make inculpatory statements.  The Court finds that review of the factors provided in *Carrizales-Toledo* demonstrates that Defendant's statements were voluntary.

Moreover, the Court finds the facts of the instant case similar to those confronted by the Tenth Circuit in *Anderson v. United States*.[6]  In that case, the Tenth Circuit found the statement defendant sought to have barred "was wholly independent of police questioning, was volunteered on the scene at the time of arrest and therefore is admissible."[7]  Similarly, here, the Defendant's statement was produced wholly independent of police questioning and was volunteered on the scene at the time of arrest and therefore is admissible.

---

[6] 399 F.2d 753 (10th Cir. 1968).

[7] *Id*. at 755.

4

IV.  CONCLUSION

It is therefore ORDERED that the Government's Motion for Pretrial Ruling on Voluntariness (Docket No. 121) is GRANTED.

DATED   October 4, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge